IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| MERITOR, INC., WILLIAM R. NEWLIN, | : SECURITIES EXCHANGE ACT OF 1934 |
| CHRIS VILLAVARAYAN, STEVEN | : |
| BERINGHAUSE, JAN A. BERTSCH, | : |
| RODGER L. BOEHM, IVOR J. EVANS, | : |
| ELIZABETH A. FESSENDEN, FAZAL | : |
| MERCHANT, THOMAS L. PAJONAS, and | : |
| LLOYD G. TROTTER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On February 22, 2022, Meritor, Inc. ("Meritor" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Cummins Inc. ("Cummins") and Rose NewCo Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Meritor's stockholders will receive $36.50 in cash per share.

3. On March 21, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Meritor common stock. Plaintiff resides in this District.

9. Defendant Meritor is an Indiana corporation. Meritor's common stock is traded on the New York Stock Exchange under the ticker symbol "MTOR."

10. Defendant William R. Newlin is Chairman of the Board of Directors of Meritor (the "Board").

11. Defendant Chris Villavarayan is Chief Executive Officer and a member of the Board.

12. Defendant Steven Beringhause is a member of the Board.

13. Defendant Jan A. Bertsch is a member of the Board.

14. Defendant Rodger L. Boehm is a member of the Board.

15. Defendant Ivor J. Evans is a member of the Board.

16. Defendant Elizabeth A. Fessenden is a member of the Board.

17. Defendant Fazal Merchant is a member of the Board.

18. Defendant Thomas L. Pajonas is a member of the Board.

19. Defendant Lloyd G. Trotter is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Meritor is a leading global supplier of drivetrain, mobility, braking, aftermarket, and electric powertrain solutions for commercial vehicle and industrial markets.

22. On February 21, 2022, Meritor entered into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Columbus, Indiana and Troy, Michigan – Cummins Inc. (NYSE: CMI) and Meritor, Inc. (NYSE: MTOR) today announced that they have entered into a definitive agreement under which Cummins will acquire Meritor, a global leader of drivetrain, mobility, braking, aftermarket and electric powertrain solutions for commercial vehicle and industrial markets. Under the terms of the agreement, Cummins will pay $36.50 in cash per Meritor share, for a total transaction value of approximately $3.7 billion, including assumed debt and net of acquired cash.

"The acquisition of Meritor is an important milestone for Cummins. Meritor is an industry leader, and the addition of their complementary strengths will help us address one of the most critical technology challenges of our age: developing economically viable zero carbon solutions for commercial and industrial applications," said Tom Linebarger, Chairman and CEO, Cummins. "Climate change is the existential crisis of our time and this acquisition accelerates our ability to address it. Our customers need economically viable decarbonized solutions.

"In addition, our communities and our planet depend on companies like Cummins to invest in and develop these solutions," Linebarger added. This acquisition adds products to our components business that are independent of powertrain technology, and by leveraging our global footprint we expect to accelerate the

3

growth in Meritor's core axle and brake businesses. There is also a compelling financial case for this acquisition, with significant synergies expected in SG&A, supply chain operations and facilities optimization."

"This agreement with Cummins builds on Meritor's track-record of outstanding performance and service to our customers. Our offerings will continue to play an important, strategic role as commercial vehicles transform to become electric and autonomous," said Chris Villavarayan, CEO and President of Meritor. "At closing, Meritor shareholders will receive immediate value at a compelling 48% premium to the Meritor trading price as of Feb. 18, 2022, and customers will benefit from enhanced capabilities in technology and the ability to accelerate investment in axle and brake development and EV adoption. Our global team members and their commitment to excellence helped make this transaction possible and will fuel our innovations as we embark on this next chapter in our longstanding legacy."

**Strategic Rationale**

Meritor is an industry leader in axle and brake technology. The integration of Meritor's people, technology and capabilities will position Cummins as one of the few companies able to provide integrated powertrain solutions across combustion and electric power applications. This is the right time to pursue this combination as demand for decarbonized solutions accelerates. Cummins believes eAxles will be a critical integration point within hybrid and electric drivetrains. By accelerating Meritor's investment in electrification and integrating development within its New Power business, Cummins expects to deliver market-leading solutions to global customers.

Meritor has a legacy dating back more than 110 years. The company, which is headquartered in Troy, MI, has more than 9,600 employees serving commercial truck, trailer, off-highway, defense, specialty and aftermarket customers around the world.

The acquisition of Meritor is expected to be immediately accretive to Cummins' adjusted EPS and is expected to generate annual pre-tax run-rate synergies of approximately $130 million by year three after closing. Cummins intends to finance the transaction using a combination of cash on the company's balance sheet and debt and remains committed to maintaining its strong credit ratings.

The Board of Directors of Meritor has unanimously approved the agreement with Cummins and recommends that Meritor shareholders vote in favor of the transaction at the Special Meeting of Shareholders to be called in connection with the transaction. The transaction, which is subject to customary closing conditions and receipt of applicable regulatory approvals and Meritor shareholder approval, is expected to close by the end of the calendar year.

Cummins will hold a call with analysts and investors at 9:30 AM EST today to discuss the benefits of this transaction. Participating in that call will be Tom Linebarger, Chairman and CEO of Cummins, and Mark Smith, Cummins' Chief Financial Officer and Chris Villavarayan, CEO and President of Meritor.

Morgan Stanley & Co. LLC is serving as financial advisor to Cummins and Mayer Brown is serving as legal advisor. J.P. Morgan Securities LLC is serving as financial advisor to Meritor and Wachtell, Lipton, Rosen & Katz is serving as legal advisor.

24. On March 21, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

25. The Proxy fails to disclose material information regarding Meritor's financial projections, specifically: the line items underlying the projections.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

27. The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28. Regarding J.P. Morgan's Selected Transaction Analysis, the Proxy fails to disclose: (i) the announcement and closing dates for the transactions; and (ii) the values of the transactions.

29.     Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by J.P. Morgan; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by J.P. Morgan.

30.     Regarding J.P. Morgan's Analyst Price Targets analysis, the Proxy fails to disclose: (i) the price targets utilized by J.P. Morgan; and (ii) the sources of the price targets utilized by J.P. Morgan.

## COUNT I

**Claim Against the Individual Defendants and Meritor for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33.     Meritor is liable as the issuer of these statements.

34.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35.     The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Meritor within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Meritor and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 18, 2022

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*